IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **FREE CONFERENCE CALL HOLDINGS, INC., a Georgia Corportation and FREE CONFERENCING CORPORATION, a Nevada Corporation**,<br><br>      **Plaintiffs**,<br><br>v.<br><br>**POWERHOUSE COMMUNICATIONS, LLC, a Utah Limited Liability Company, and DARIN ROHEAD, an individual**,<br><br>      **Defendants**. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART MOTION TO COMPEL AND GRANTING IN PART MOTION FOR PROTECTIVE ORDER**<br><br>Case No. 2:07-CV-893-CW<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge David Nuffer |

 Plaintiffs Free Conference Call Holdings, Inc. and Free Conferencing Corporation (collectively, "Plaintiffs" or "Free Conferencing") have moved[1] to compel Defendants PowerHouse Communications, Inc. ("PowerHouse") and Darin Rohead ("Rohead") (collectively, "Defendants") to produce certain financial information from Rohead.  Other issues originally embraced in the motion have been resolved.[2]  As to the remaining issue, Defendants have moved for a protective order mirroring their opposition to the motion to compel.[3]

### Background

 Free Conferencing provides teleconferencing services worldwide to corporate clients. Under a February 23, 2004 Agreement (the "Agreement") Defendants PowerHouse and Rohead provide brokerage and related services to Free Conferencing.  The services provided by PowerHouse and Rohead included, among other things, introducing Free Conferencing to

---

[1] Motion to Compel Production of Documents by Defendants, docket no. 46, filed July 10, 2009.

[2] Notices of Withdrawal of Portion of Motion to Compel Production  . . . , docket nos. 50 and 57, filed July 27, 2009 and July 30, 2009, respectively.

[3] Defendants' Motion for Protective Order, docket no. 58, filed July 30, 2009.

incumbent and competitive local exchange carriers (collectively, the "LECs") to provide locations for Free Conferencing's bridges and for terminating Free Conferencing's conferencing minutes; negotiating contracts between Free Conferencing and the LECs; and otherwise facilitating relationships between Free Conferencing and the LECs.  In 2007 Free Conferencing initiated this case after it discovered facts that led it to claim that PowerHouse and Rohead had established secret, competitive side deals with the LECs, by simultaneously working with and introducing direct competitors of Free Conferencing to the LECs, and by taking an ownership interest in a direct competitor of Free Conferencing.  Free Conferencing also claims that Rohead fraudulently misrepresented and omitted material facts bearing on the Agreement and on the relationship between the parties.

Defendants PowerHouse and Rohead deny any wrongdoing and claim that Free Conferencing knew that PowerHouse was engaged in the business of providing consulting and referrals to ILEC services for other companies.[4]

### Issues on this Motion

Free Conferencing wants the court to compel Rohead to "produce his (a) personal tax returns and (b) documents disclosing his personal financial information, including documents reflecting (i) his personal assets, (ii) his personal bank accounts, and (iii) his personal brokerage accounts."[5]  Free Conferencing says it also wants "financial information regarding business entities other than PowerHouse in which Rohead (or his wife) own or owned interests."[6]

---

[4] Answer ¶¶37, 43, docket no. 10, filed January 10, 2008.

[5] Memorandum (a) in Opposition to Motion to Compel Production of Documents by Defendants and (b) in Support of Motion for a Protective Order (Opposition Memorandum) at 2, docket no 59, filed July 30, 2009.

[6] Reply Memorandum in Support of Motion to Compel and Memorandum in Opposition to Motion for Protective Order (Reply Memorandum) at 1, docket no. 71, filed August 21, 2009.

Free Conferencing says this information is discoverable "to trace income improperly earned by Rohead through his improper competitive activities, to ensure no fraudulent transfers have occurred, and to investigate the relationship between Rohead, PowerHouse, and Rohead's other business entities."[7]  In addition, Free Conferencing is proposing to amend its complaint to "adds an allegation of alter ego"[8] which Free Conferencing says justifies this discovery about other entities.  For purposes of this motion, the pending motion to amend will be ignored.

Defendants have objected to producing Mr. Rohead's personal tax returns on the basis that the tax returns are not relevant and because the relevant information from these personal tax returns is present in documents already produced; and Defendants also argue that applicable Utah law prohibits all the proposed financial discovery about Rohead and his other entities until Free Conferencing has "established a prima facie case on the record that an award of punitive damages is reasonably likely."[9]

## Discussion

*Relevance*

Defendants present an enticing invitation for the merits to be pre-judged, arguing that Free Conferencing knew Defendants worked with competitors[10] so that Free Conferencing cannot make a claim for harm by Defendants' cooperation with those competitors.  Defendants argue "the parties expressly agreed that they do not have a fiduciary duty towards one another."[11]  However, the agreement also has a non-competition clause and other provisions that may create

---

[7] *Id.* at 2.

[8] *Id.* at 5.

[9] Utah Code Ann. § 78B-8-201(2)(a) (2008).

[10] Opposition Memorandum at 3.

[11] *Id.* at 8.

duties which could have been breached.[12]  It cannot be said now that the financial data is not discoverable.  It relates significantly to matters at issue.

Defendants claim this discovery is only "a misguided attempt by Plaintiffs to ascertain the financial status of Mr. Rohead and their ability to pay a judgment if one is entered against them [sic]."[13]  Defendants also claim that all the income "received by Mr. Rohead from Plaintiffs in this case [was] received through PowerHouse,"[14] which has already provided financial records.

But the information is relevant to establish the nature and extent of any competition, and it will show income received from business entities other than PowerHouse.  The information relates to the claims and defenses in this case.

*The Utah Statute*

The Utah statute is not specifically applicable to this motion.  Judge Waddoups recently decided that the statute applies in a summary judgment setting adjudicating the *merits* of the plaintiffs' claim for punitive damages."[15]  But this is discovery.  "[T]he requirement that claimant establish a prima facie case applies to the admissibility of evidence about financial status, not its discoverability."[16]

More importantly, "discovery is a procedural matter that is governed in federal court by the Federal Rules of Civil Procedure.  Thus, state discovery practices are usually irrelevant."[17]

---

[12] PowerHouse Commnications, LLC, Agreement, attached to Opposition Memorandum as Exhibit A.

[13] *Id.* at 4.

[14] *Id.*

[15] *Tabor v. The Metal Ware Corp., Case No. 2:99CV00503, 2009 WL 311865, * 1 (D. Utah Feb. 6, 2009).*

[16] *Mid Continent Cabinetry, Inc. v. George Koch Sons, Inc.*, 130 F.R.D. 149, 152 (D. Kan. 1990).

[17] *Id.* at 151.

However, the logic and policy reasons behind the Utah statute and others like it make some sense.  It would be a mistake to permit discovery of personal financial information if it were to be used to the disadvantage or abuse of a party.  Therefore a protective order restricting access to and use of this information – as well as the tax return information for Rohead – is appropriate.  The existing protective order does not provide for restriction of information to attorneys only and needs to be expanded to cover this current situation.

Defendants' dispute was "substantially justified"[18] and therefore expenses of this motion will not be awarded.

## ORDER

IT IS HEREBY ORDERED that the motion to compel is GRANTED IN PART as provided herein.  The requested information shall be provided on or before September 28, 2009.

IT IS FURTHER ORDERED that the motion for protective order is GRANTED IN PART.  On or before September 15, 2009, Free Conferencing shall propose an amendment to expand the existing protective order to provide that some information provided under this order shall be restricted to outside counsel of record.  After negotiating and on or before September 24, 2009 the parties shall provide an agreed or disputed draft of such an order for the court's signature by email in word processing format to mj.nuffer@utd.uscourts.gov.

Dated this 7th day of September, 2009.

BY THE COURT

_____
Magistrate Judge David Nuffer

---

[18] Fed. R. Civ. P 37(a)(5)(A)(ii).